UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

RANDY BURR, *et al.*, Plaintiffs, v.
KIMBERLY-CLARK CORPORATION AND KIMBERLY-
CLARK GLOBAL SALES, LLC, AND KIMBERLY-CLARK     CASE NO.: 1:09-cv-643
WORLDWIDE, INC., Defendants.

### CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION OF PLAINTIFF RICHARD SCHMIDT TO COMPEL WITHDRAWN CASE COUNSEL TO SATISFY THEIR OBLIGATIONS INCLUDING SURRENDERING THE COMPLETE CASE FILE AND OTHER RELATED MATTERS

Plaintiff Richard Schmidt, currently without counsel hence *pro se*, move this Court for an Order compelling my withdrawn plaintiff counsel (see Document 198) to promptly satisfy their obligations including surrendering the complete case file and other related matters, and in support assert the following:

1. On June 24, 2009 I executed a contingency-based retainer with now withdrawn plaintiff attorneys to represent me on an age discrimination claim against my former employer.

2. On August 20, 2012 during our mediation process, plaintiff counsel surprise filed a motion (Doc 198) to withdraw their representation of me citing SCR 20:1.16 claiming without explanation: fundamental disagreements, financial burden and rupture of trust. I formally objected, and if the motion was granted, respectfully requested that the Court enforce all the obligations of counsel and other related matters.

3. The Ethics Counsel for the State Bar of Wisconsin, Mr. Timothy J. Pierce, concludes from the Preamble SCR Chapter 20, paragraph [12] that its "emphasis is upon protection of the interests of the client", and counsel is "obligated to take reasonable steps to mitigate whatever harm may result from the withdrawal". Specifically, Mr. Pierce writes: "In Wisconsin, the file is the property of the client" and counsel must "assist in finding a new lawyer". I was reluctant to join this case because I chose not to sign the severance agreement and the class suit may not favor my claims. Plaintiff counsel persuaded me, in part, by what I reasonably understood to be that if the Court found the waivers to be valid: "I have ownership of all work completed including any discovery", any non-disparaging clause would not restrict me from writing publications, and the waiver phase 1 would take about a year. Counsel has only surrendered those files that I provided them and a simple link to help find new counsel.

*RSSchmidt/rss:December 7th, 2012*

4. Plaintiff counsel are based in Florida, Michigan, Minnesota and Pennsylvania. None are based in Wisconsin. They are likely less familiar and experienced with their obligations in Wisconsin, particularly SCR 20:1.16, and perhaps may feel less compelled to completely satisfy their obligations.

5. In February 2008, the defendant - my employer since 1994, terminated me causing severe damages to my family and me. As examples, I was age 56 in my typically best career earning years, a year before my eligibility for certain retirement benefits including medical, K-C enforcement of a vague 2-year Non-Compete Agreement (required in 1998 w/o consideration), and at the beginning of our Great Recession. I am now age 61, and 5 years unemployed despite actively seeking employment, including formally applying for almost 300 qualified jobs worldwide based on my education (BS, MS, MBA, PhD) and 34 years of industrial experiences.

6. There is overwhelming evidence of K-C's willful violation of the law causing severe damages yet to be presented beyond our 2009 Complaint. For example, 100% of my RIF group were over age 40. Information from the case file is needed to help: retain new counsel, inform discovery, formulate legal strategy and prove my claims. The case file broadly includes all "documents, information or other materials" (Doc 22) including all work performed by counsel such as legal, statistical and damages analyses.

7. The defendant has provided "over 50,000 pages of documents" for discovery (Doc 31). They have most likely provided many more records to the EEOC (#443-2008-02308). Hence, the defendant has already suffered the heavy burden of identifying, collecting, organizing and retaining the related multi-year records to proceed into age discrimination discovery and beyond.

8. It is unreasonable to assert that the case file is only applicable to the Phase 1 discovery and not related to me. The defendant chose to depose me for 6 hours knowing that I did not sign the waiver. Plaintiff counsel on multiple occasions claimed that K-C provided conclusive age discrimination evidence during discovery. It is highly likely that the complete case file has useful information to my case.

9. I respectfully request that the Court rescind most of the 2010 Protective Order (Docs 22, 23) as permitted under paragraph 19. The Order unfairly, strongly favors the defendant with "sole discretion" as to what is protected with weak oversight. It is not reasonable to assert that business information from

*RSSchmidt/rss:December 7th, 2012*

between 2004 and 2008, over 4 years old, remains confidential and a competitive risk if revealed today. If confidential, identifiable personal information can be redacted when publically exposed. Also, paragraph 9.1.1 states that plaintiffs with the job title of Director are excluded. As a K-C Director for about 10 years and the "already stale evidence will fade even more from the memories of potential witnesses" (Doc 191), it is reasonable that I have access to the complete case file. As examples, both the Director and the Vice President decision-makers for my RIF group, and the HR Director who led the corporate performance management process, left K-C years ago.

10. Legal strategy and tactics is critically important going forward, particularly in determining burden shifting. For example, continuing a Pattern and Practice framework is a likely consideration, even as an individual case (e.g., Bent, "The Telltale Sign of Discrimination …", 2011). "Mixed Motives" arguments that favor my case are likely applicable (e.g., Van Ostrand, 2009-2010). This case may continue as a class lawsuit with potential opt-in plaintiffs who were terminated during the 3-year, 2005 "Global Business Plan" and who did not sign the claims waiver. These and other considerations require the case file for relevant facts to help effectively and efficiently proceed.

11. Lastly, I respectfully request that the Court also Order useful "different or additional provisions" as allowed under Local Rules: Civil L.R.7(g). This would help recognize the significant challenges of a now pro se plaintiff in an over 3-year old case involving scores of attorneys, several years old evidence, who is unexpectedly without counsel, and actively seeking new counsel during the holiday season.

WHEREFORE, I respectfully request that this motion be granted, and the Court orders the satisfactory compliance of withdrawn plaintiff counsel to their required obligations, particularly the surrender of the complete case file, and other related matters including rescinding the Court's 2010 Protective Order.

Dated: December 7, 2012          By: *Richard Schmidt*

**Richard S. Schmidt**
1138 E. Overland Road
Appleton, Wisconsin 54911
Telephone: (920) 735-9152
Email: RSchmidtIIS@Gmail.com

*RSSchmidt/rss:December 7th, 2012*