UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

RANDY BURR, et al.,

        Plaintiffs,

        v.

KIMBERLY-CLARK CORPORATION, et al.,

        Defendants.

Case No. 09-CV-643

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF RICHARD SCHMIDT'S CIVIL L. R. 7(h) EXPEDITED MOTION TO COMPEL HIS FORMER PLAINTIFF'S COUNSEL TO SURRENDER THEIR COMPLETE CASE FILE**

## I. INTRODUCTION

Plaintiff, Richard Schmidt, (the "Plaintiff") seeks an Order directing his former attorneys to provide him a "complete copy" of the case file and "rescinding" a Protective Order entered in this matter. Although the Defendants prefer not to involve themselves in a dispute between Mr. Schmidt and his former attorneys, Defendants oppose the rescission of the Protective Order and any action resulting in non-compliance with the Protective Order because: (1) Defendant's conducted discovery in reliance on the Protective Order; and (2) Phase I of this litigation focused only on the enforceability of releases, not on any of the Plaintiff's claims. Of course, the Defendants and their counsel will cooperate with Plaintiff's new counsel to provide documents, which are subject to the Protective Order.

## II. ARGUMENT

In July 2009, Mr. Schmidt, along with 56 other individuals, filed a class action Complaint alleging age discrimination by the Defendants. All of the Plaintiffs, other than Mr. Schmidt,

signed Release Agreements with the Defendants. Accordingly, the parties stipulated that discovery would be conducted in phases. Specifically, the parties stipulated as follows:

> Phase I discovery shall be limited to discovery concerning the issues that arise naturally and consequently from the legitimacy of the waivers and releases that are contained in Paragraph 1-11 and 33-50 of the Complaint, Defendants' responses thereto, Defendants' counter-claims, Plaintiffs' responses thereto and the parties' affirmative defenses. These issues include, but are not limited to, the accuracy of the information contained in the waiver, the release and related documents (except for discovery relating to how the selection criteria in the release have been applied in making individual termination decisions), the availability and applicability of administrative review, and whether EEOC administrative filings were satisfied or necessary under the circumstances. It will <u>not</u> include discovery relating to any individual termination decisions or damages. (emphasis added) (Doc. 13).

To facilitate Phase I discovery, the parties negotiated and signed a Stipulation for a Protective Order. That Stipulation was filed on February 16, 2010 and adopted by the Court in the form of a Protective Order on February 17, 2010. (Dkt. 23). Under the Protective Order, the parties could designate documents as either "Confidential," "Private Personnel Information" or "Attorneys' Eyes Only." Confidential information could be shared with the Defendants whereas documents marked "Attorneys' Eyes Only" could not to be shared with the Defendants. "Private Personnel Information" could be shared with some Defendants under certain circumstances. In the months following the entry of the Protective Order, the parties exchanged thousands of pages of documents and conducted other discovery. Both Plaintiffs and Defendants, through counsel, exercised their rights to designate certain documents under the Protective Order. If one party objected to another's designation, the Protective Order provided a means to resolve those issues.

Mr. Schmidt's Motion to Rescind the Protective Order is unsupported and unnecessary. First, K-C disclosed documents and conducted discovery in reliance on the Protective Order. The Defendants produced a significant number of business records which had nothing to do with Mr. Schmidt or the reduction-in-force resulting in his separation from K-C. While Mr. Schmidt

2

asserts that any business records are too old to need protection, he has no basis to make such assertions. The Defendants should not be exposed to the disclosure of thousands of business records given that they were only disclosed under the protection of the Protective Order. In other words, K-C relied on the Protective Order when disclosing its documents and should not lose the benefit of it simply because Mr. Schmidt had a falling out with his attorneys.

Second, the Plaintiff's claim that he needs the entire case file to proceed with his lawsuit lacks merit. The discovery, briefing and other case materials to date have all been generated as part of Phase I of this litigation. As noted above, Phase I dealt only with the issue of whether the Release Agreements were enforceable. Because Mr. Schmidt never signed a Release Agreement, Phase I of this litigation did not adjudicate any of his claims. As a result, the case file, as it exists now, does not relate to Mr. Schmidt's claims.[1] As this litigation moves forward, Mr. Schmidt will be able to serve his own discovery requests and develop a case file related to his claims. As a result, the Plaintiff has not demonstrated any need to obtain a complete copy of the case or to rescind the Protective Order.

### III. CONCLUSION

In sum, K-C opposes the Plaintiff's attempt to rescind or amend the Protective Order. None of Mr. Schmidt's claims have been adjudicated. He has failed to make any showing that a rescission of the Protective Order is necessary for him to pursue his claims or to obtain new counsel. As a result, his Motion should be denied.

---

[1] The claims of the other 56 Plaintiffs were resolved by a confidential settlement following mediation. Those settlement agreements are confidential which is an additional reason Mr. Schmidt should not obtain the "complete case file."

Dated this 23rd day of December, 2012.

        *s/ Daniel T. Flaherty*
        Daniel T. Flaherty
        State Bar No. 1011357
        John A. Haase
        State Bar No. 1027536
        GODFREY & KAHN, S.C.
        333 Main Street, Suite 600
        P.O. Box 13067
        Green Bay, WI 54307-3067
        Phone: 920-432-9300
        Fax: 920-436-7988
        Email: dflaherty@gklaw.com
                jhaase@gklaw.com

        Attorneys for Defendants, Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC

8873903_3